IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE VATIDIS, in his capacity as Principal Shareholder, | ) ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| v. | ) C.A. No. 18-998 (MN) ) |
| TRIMBLE, INC., | ) ) |
| Defendant/Counterclaim Plaintiff. | ) |

**MEMORANDUM OPINION**

Todd C. Schiltz, DRINKER BIDDLE & REATH LLP, Wilmington, DE 19801; Paul R. Mastrocola, Andrea L. Martin, Michael A. DeIulis, BURNS & LEVINSON LLP, Boston, MA; Scott R. Haiber, HOGAN LOVELLS, US LLP, Baltimore, MD; Pieter Van Tol, HOGAN LOVELLS US LLP, New York, NY – attorneys for Plaintiff

Joel Friedlander, Christopher M. Foulds, Christopher P. Quinn, FRIEDLANDER & GORRIS P.A.; Teresa H. Michaud, BAKER & MCKENZIE LLP, Los Angeles, CA – attorneys for Defendant

July 16, 2019
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE:

This action arises out of an acquisition by defendant Trimble, Inc. ("Trimble") of a collection of software companies (collectively, the "Target Companies") from plaintiff Steve Vatidis ("Vatidis"), the principal shareholder of each of those companies, pursuant to a Share Purchase Agreement ("SPA"). Vatidis alleges that Trimble has breached its obligations under the SPA (Count I), breached the implied covenant of good faith and fair dealing (Count II), and failed to timely object to a Claim Notice thereby entitling Vatidis to receive the indemnification amount set forth in that Claim Notice (Count III). (D.I. 1 ¶¶ 74-89).

Currently pending before the Court is Vatidis's Motion for Judgment on the Pleadings as to Count III of the Complaint. (D.I. 14). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. For the following reasons, the Motion for Judgment on the Pleadings is DENIED.

## I. BACKGROUND

### A. Relevant Terms of the SPA

On July 29, 2014, the parties entered into the SPA under which Trimble agreed to purchase the Target Companies from the shareholders of those companies (the "Shareholders"). (D.I. 1 ¶ 5). The SPA identifies Vatidis as the "Principal Shareholder," which makes him the authorized representative of all Shareholders. (D.I. 19 at § 10.1). The transaction closed on August 15, 2014. (D.I. 1 ¶ 6).

Article 8 of the SPA governs indemnification. (D.I. 19). Section 8.1 sets out the conditions under which the Shareholders are required to indemnify Trimble, while Section 8.2 identifies the conditions under which Trimble is required to indemnify the Shareholders. (*Id*. at §§ 8.1-8.2). Section 8.3 sets out the procedure for making an indemnification claim. Specifically, a party

1

seeking indemnity under Article 8 ("the Indemnified Party") must give written notice (hereinafter, "the Claim Notice") to the other party ("the Indemnifying Party") containing: (i) a description and estimated amount of any Losses incurred or reasonably expected to be incurred, (ii) a reasonable explanation for the basis of the indemnification claim, and (iii) a demand for payment of the Losses. (*Id*. at § 8.3(a)).

Within 30 days of delivery of the Claim Notice, the Indemnifying Party must provide a written response either agreeing to or disputing that the Indemnified Party is entitled to the Losses described in the Claim Notice. (*Id*. at § 8.3(b)). If the Indemnifying Party disputes the claim, the written response ("an Objection Notice") must set forth "in reasonable detail" each disputed item, the basis for the dispute, and a certification that all disputes are made in good faith. (*Id*. at § 8.3(b)(ii)). If the Indemnifying Party fails to deliver an Objection Notice within 30 days of delivery of the Claim Notice, "then the Indemnifying Party will be deemed to have irrevocably accepted the Claim Notice and the Indemnifying Party will be deemed to have irrevocably agreed to pay the Losses at issue in the Claim Notice." (*Id*. at § 8.3(c)).

### B. The Vatidis Claim Notice

On October 2, 2017, Vatidis sent a Claim Notice to Trimble pursuant to Section 8.3(a) of the SPA. (D.I. 1 ¶ 62). Therein, Vatidis asserted that Trimble was in breach of the SPA for, *inter alia*: (i) refusing or failing to negotiate in good faith a resolution of a third-party claim made against the Target Companies by the software company Uniface, (ii) excluding Vatidis from discussions concerning the claim made by Uniface, and (iii) entering into a settlement agreement with Uniface without Vatidis's prior written consent. (*Id*. ¶ 63). The Claim Notice included a description and estimate of the amount of Losses incurred as of that date. (D.I. 1, Ex. 3).

Vatidis alleges that Trimble failed to provide an Objection Notice within 30 days, as required by Section 8.3(b) of the SPA. (D.I. 1 ¶ 65). Vatidis further alleges that, as a result, Trimble is deemed under Section 8.3(c) to have irrevocably accepted the Claim Notice and irrevocably agreed to pay the Losses at issue therein. (*Id*. at ¶ 66).

## II. STANDARD OF REVIEW

A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Jablonski v. Pan Am. World Airways, Inc*., 863 F.2d 289, 290 (3d Cir. 1988). The Court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P*., 245 F.3d 214, 220 (3d Cir. 2001); *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc*., 11 F.3d 399, 406 (3d Cir. 1993). The Court, however, need not adopt conclusory allegations or statements of law. *In re Gen. Motors Class E Stock Buyout Sec. Litig*., 694 F. Supp. 1119, 1125 (D. Del. 1988). "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997).

## III. DISCUSSION

Vatidis asserts that there is no dispute of material fact as to Count III. (D.I. 15 at 5). This assertion, however, requires the Court first to agree with Vatidis that two denials in Trimble's Answer should be construed as admissions that Trimble did not respond to the Claim Notice within

3

30 days and, therefore, irrevocably agreed to pay the Losses stated therein. Specifically, Trimble plainly denied the allegations set forth in paragraph 65 and paragraph 87 of the complaint. (D.I. 6 ¶¶ 65, 87). Vatidis argues that these denials are in fact admissions, which would mean there is no dispute of material fact. For the following reasons, the Court will not deem the answers to either paragraph to be an admission, as Vatidis requests.

### A. Paragraph 65

In paragraph 65 of the Complaint, Vatidis alleges: "Trimble did not respond or otherwise object to the Vatidis Claim Notice within the thirty (30) day period required by the SPA § 8.3(b)." (D.I. 1 ¶ 65). Vatidis argues that Trimble had no good faith basis for denying this allegation, because Trimble does not assert that it actually delivered a timely, written Objection Notice. Thus, Vatidis asks the Court, based on non-binding cases from other jurisdictions, to read the denial as an admission. (D.I. 15 at 5-7).

As an initial matter, Trimble has no obligation at the pleading stage of the proceedings to produce evidence to support its Answer to the Complaint or to refute Vatidis's claims on the merits. To the contrary, Rule 8 requires only that Trimble "state in short and plain terms its defenses to each claim asserted against it," and "admit or deny the allegations asserted against it." Fed. R. Civ. Proc. 8(b)(1).

Vatidis claims that Trimble's denial was not made in good faith. (D.I. 15 at 5-6). As demonstrated by the cases on which Vatidis relies, however, it is too early in the proceedings for the Court to weigh the merits of that accusation or to determine the consequences if it is true. *See*, *e.g.*, *Djourabchi v. Self*, 571 F. Supp. 2d 41, 50 (D.D.C. 2008) (addressing whether defendant meets the "requirements of honesty in pleading" on a motion for summary judgment); *HC Co. v. Myers Indus., Inc.*, 2017 WL 6016573, at *1 (Del. Ch. Dec. 5, 2017) (finding on a motion for

summary judgment that defendant's failure to timely object to plaintiff's indemnification claim notice constituted a waiver of its right to contest the claim). Accordingly, the Court will make no determination at this time whether the denial was made in good faith or not.

Finally, the cases on which Vatidis relies to argue that Trimble's denial should be read as an admission are inapt. (*See* D.I. 15 at 5-6). In those cases, the defendants answered that they were without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations. *Djourabchi*, 571 F. Supp. 2d at 50; *Bank of Am., N.A. v. Malibu Canyon Investors, LLC*, 2012 WL 115577, at *1 (D. Nev. Jan. 13, 2012). Under Fed. R. Civ. P. 8(b)(5), these answers should have been construed as a denial.[1] But the courts instead deemed the answers to be admissions because:

> [A]n answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously a sham. In such circumstances the facts alleged in the complaint stand admitted.

*Bank of Am.*, 2012 WL 115577, at *3 (quoting *Harvey Aluminum, Inc. v. N.L.R.B.*, 335 F.2d 749, 758 (9th Cir. 1964)); *see also Djourabchi*, 571 F. Supp. 2d at 50 (stating that a party "may not deny sufficient information or knowledge with impunity, but is subject to the requirements of honesty in pleading" and, thus, "[a]n averment will be deemed admitted when the matter is obviously one as to which a defendant has knowledge or information"). These cases are inapplicable here, because Trimble did not answer that it was without knowledge or information sufficient to form a belief about the truth of the allegation. Instead, Trimble denied the allegation. (D.I. 6 ¶ 65). Thus, there is no basis for the Court to read Trimble's plain denial as an admission.

---

[1] Fed. R. Civ. P. 8(b)(5) states, "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."

5

Because Trimble has denied paragraph 65, there is a genuine dispute of material fact between the parties regarding whether Trimble responded or otherwise objected to the Claim Notice within the 30 day period required by the Section 8.3(b). "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Republic Franklin Ins. Co. v. Travelers Cas. Ins. Co. of Am.*, 2018 WL 1420495, at *2 (D.N.J. Mar. 22, 2018) (quoting *Gen. Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989)).

### B. Paragraph 87

Paragraph 87 of the Complaint states, "Upon information and belief, it is Trimble's position that it is not deemed to have irrevocably accepted the Vatidis Claim Notice or irrevocably agreed to pay the Losses at issue in the Vatidis Claim Notice." (D.I. 1 ¶ 87). According to Vatidis, Trimble's denial of paragraph 87 means that it is Trimble's position that it has, in fact, irrevocably accepted the Claim Notice or irrevocably agreed to the pay the Losses described therein. (D.I. 15 at 6-7).

It is not clear to the Court that a denial of paragraph 87 necessarily means that Trimble has accepted the Claim Notice. Ultimately, paragraph 87 is Vatidis's characterization of Trimble's legal position. Trimble's denial means that it views that characterization in some way to be inaccurate. But there is more than one way that it can be inaccurate. Therefore, the Court cannot assume that the denial amounts to an admission that Trimble irrevocably accepted the Claim Notice. Accordingly, the Court will not construe Trimble's answer to Paragraph 87 of the Complaint as an admission that Trimble has irrevocably agreed to pay the Losses in the Claim Notice.

## IV. CONCLUSION

For the foregoing reasons, Vatidis's Motion for Judgment on the Pleadings as to Count III of the Complaint (D.I. 14) is denied. An appropriate order will be entered.

6